UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES A. BENSON,

    Plaintiff,

    v.

ROBERT GEIGER, JOHN DRUMMER,
GEOFFREY NORTON, CARY YOUNG,
PAUL A. SHRAWDER, and SHANNON
HUGHES,

    Defendants.

CAUSE NO.: 3:17-CV-865-JD-MGG

OPINION AND ORDER

Charles A. Benson, a prisoner without a lawyer, filed an amended complaint alleging he was subjected to excessive force and denied medical treatment on January 11, 2016. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396.

Benson alleges Officer John Drummer stepped on his neck while Officer Robert Geiger kicked him in the face and abdomen while he was handcuffed face down on the ground. These allegations state a claim against Officers Drummer and Geiger.

Benson alleges Officer Geoffrey Norton failed to intervene to stop Officers Drummer and Geiger. "[P]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so [may be] held liable." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Though the complaint does not provide details about what opportunity Officer Norton had, liberally construing the complaint, it states a claim against Officer Norton.

Benson alleges Officers Cary Young, Paul A. Shrawder, and Shannon Hughes denied him medical treatment for over five hours while they transported and interrogated him. In medical cases, the question is whether the defendant was

deliberately indifferent to the plaintiff's serious medical need.[1] *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, given the severity of the force described and the allegation that he was taken to the hospital by two other officers as soon as the interrogation ended, the complaint states a claim against Officers Young, Shrawder, and Hughes for violating his Fourth Amendment rights.

Finally, Benson has named the City of Fort Wayne as a defendant. However he has not made any allegations against it other than describing it as the employer of the other six defendants. However, the doctrine of respondeat superior, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Therefore the City of Fort Wayne will be dismissed.

For these reasons, the court:

---

[1] This is an Eighth Amendment test. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims).

So too, arrestees (such as Benson) are also entitled to the same basic protections. Therefore the Eighth Amendment test applies even though "[t]he relevant legal standard for arrestees who have been seized but who have not yet had their probable cause hearing . . . comes from the Fourth Amendment, not the Fourteenth, and certainly not the Eighth." *Currie v. Chhabra*, 728 F.3d 626, 621 (7th Cir. 2013). Therefore Benson will proceed on a claim for a violation of his Fourth Amendment rights.

(1) GRANTS Charles A. Benson leave to proceed against John Drummer and Robert Geiger in their individual capacities for compensatory and punitive damages for using excessive force against him on January 11, 2016, in violation of the Fourth Amendment;

(2) GRANTS Charles A. Benson leave to proceed against Geoffrey Norton in his individual capacity for compensatory and punitive damages for failing to protect him from John Drummer and Robert Geiger on January 11, 2016, in violation of the Fourth Amendment;

(3) GRANTS Charles A. Benson leave to proceed against Cary Young, Paul A. Shrawder, and Shannon Hughes in their individual capacities for compensatory and punitive damages for denying him medical treatment for more than five hours on January 11, 2016, in violation of the Fourth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES the City of Fort Wayne;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process at the Fort Wayne Police Department on John Drummer, Robert Geiger, Geoffrey Norton, Cary Young, Paul A. Shrawder, and Shannon Hughes with a copy of this order and the amended complaint (DE 9) as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), John Drummer, Robert Geiger, Geoffrey Norton, Cary Young, Paul A. Shrawder, and Shannon Hughes to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 21, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT